710 So.2d 652 (1998)
Johnny T. DRIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04607.
District Court of Appeal of Florida, Second District.
April 15, 1998.
*653 PER CURIAM.
Johnny T. Driver, for the second time, appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Previously, this court reversed the trial court's order denying relief and remanded for further proceedings because the record attached to the trial court's order failed to refute the allegations in Driver's motion. See Driver v. State, 695 So.2d 1318 (Fla. 2d DCA 1997). Once again, we reverse and remand because the trial court's attachments fail to refute Driver's claim that his sentence is illegal.
Driver was convicted of two counts of attempted sexual battery on August 26,1987. The written judgment and sentence indicates Driver was sentenced to twenty-five years' incarceration on each count, to be served concurrently, as a habitual felony offender. Driver claims that the trial court orally sentenced him to fifteen years' imprisonment on count one with a concurrent ten years' imprisonment on count two. He further claims that the trial court failed to orally pronounce him to be a habitual felony offender. When a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls. See Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985).
In its initial order denying Driver's motion, the trial court stated that Driver "was adjudged an habitual offender, and was sentenced under Florida Statutes Section 775.084(4)(a), which allows the penalty for a second-degree felony to be enhanced to a term of up to 30 years." This court reversed the trial court's order and remanded for further proceedings, explaining that the attachments to the order did not refute Driver's allegations.
On remand, the trial court again denied Driver's motion based on a finding that:
[T]he record shows the Court orally pronounced a sentence of fifteen years on count one and a sentence of ten years on count two, and then further found justification for departure and orally pronounced that counts one and two will be a sentence of twenty-five years to run concurrent. Thus, the Court's final and oral pronouncement of sentence does not differ from the written sentence.
The trial court neglected to address Driver's allegation that he was not orally sentenced as a habitual offender. Based on our review of the transcript of the sentencing hearing that the trial court attached to its second order, it appears that the trial court did not sentence Driver as a habitual offender under section 775.084, Florida Statutes (1985). Notwithstanding the fact that the trial court filed departure reasons, without a determination that Driver is a habitual offender, the twenty-five year sentences exceed the statutory maximum.
Therefore, we reverse and remand for the trial court to resentence Driver. The trial court may again depart from the guidelines based upon any of the original reasons that remain valid. See Blackwelder v. State, 570 So.2d 1027 (Fla. 2d DCA 1990). However, the sentence imposed may not exceed the statutory maximum of fifteen years.
Reversed and remanded for resentencing.
THREADGILL, A.C.J., and FULMER and GREEN, JJ., concur.