734 So.2d 427 (1999)
Antuan Lawrence SCONIERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1195
District Court of Appeal of Florida, Third District.
February 24, 1999.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Simone P. Firley, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and FLETCHER, JJ.
PER CURIAM.
Antuan Lawrence Sconiers appeals from a revocation of community control. For the reasons that follow, we affirm the revocation, but vacate the sentence imposed and remand for entry of a corrected order of revocation and for resentencing.
Sconiers was charged with three violations of the conditions of his community control: 1) committing an attempted burglary of an unoccupied structure; 2) testing positive for marijuana; and 3) failing to remain confined to his residence on January 7th and February 3rd of 1998. At the violation hearing, the State presented evidence of Sconiers' drug tests and testimony that Sconiers was away from his residence upon a field visit by his probation officer. In the trial judge's oral pronouncement at the close of the hearing, he found Sconiers in violation of two of the three charges, and did not find Sconiers in violation with regard to the attempted burglary charge. However, in the written order of revocation, the trial court found Sconiers in violation of the terms of his community control by way of all three charges.
A written revocation order must conform to the trial judge's oral pronouncements. See Jimenez v. State, 698 So.2d 1376 (Fla. 3d DCA 1997). Therefore, we remand with directions to the trial court to enter a proper written order that conforms to its oral pronouncements. We *428 affirm the revocation, however, because in its written order, the trial court listed other grounds for revocation; at least one of those is supported by the record.
Because it is not clear whether the trial judge would have imposed the same sentence upon revocation if he had not improperly listed the attempted burglary charge, we vacate the sentence imposed and remand with directions to the trial court to resentence the defendant based upon a proper order of revocation. On remand, the trial court is free to impose the same sentence.
Affirmed in part; vacated in part; remanded with directions.