763 So.2d 1058 (1999)
Danny ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3891.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
*1059 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
This is an appeal by Danny Robinson from orders of revocation of probation and corresponding sentences in two cases. We affirm the revocation, vacate the sentence, and remand for the entry of a corrected order of revocation and for resentencing.
Appellant was on probation in two cases (Nos. 96-26 and 96-2504) when affidavits of violation of probation were filed in both cases alleging several violations, including failure to pay costs of supervision, possession of cocaine, and failure to observe curfew on several occasions.
A combined hearing was held for both cases, at which time the court heard testimony relative to the charges and proceeded to revoke appellant's probation and sentence him to a term in Florida State Prison.
Following the hearing, the court stated, What we have is Mr. Robinson has admitted he used cocaine, ... and we have an allegation of curfew violation.
. . . .
That's essentially what we have. Mr. Robinson has some other allegations about failing to pay funds, we haven't gotten into that to any extent.
The court thereafter entered two written orders of revocation of probation finding the appellant had violated various conditions of probation, including failure to pay costs of supervision and failure to pay court costs, both of which were not found to have been violations in the court's oral pronouncement.
A written revocation order must conform to the trial court's oral pronouncement. See Jimenez v. State, 698 So.2d 1376 (Fla. 3d DCA 1997); see also Sconiers v. State, 734 So.2d 427 (Fla. 3d DCA 1999). We, therefore, remand to the trial court with directions to enter a proper written order which conforms with the court's oral pronouncement.
Because the trial court's written order contains other valid grounds for revocation, which are supported by the record, we affirm the revocation. However, because it is not clear whether the trial court would have imposed the same sentence after revocation if the invalid grounds had not been listed, we vacate the sentence and remand to the trial court with directions to resentence appellant based on a corrected order of revocation of probation. Sconiers.
*1060 Affirmed in part; Remanded with directions.
STONE, C.J., and STEVENSON, J., concur.