PER CURIAM.
We have for review Davis v. State, 709 So.2d 641 (Fla. 2d DCA 1998), in which the Second District Court of Appeal reversed Michael Davis’s violent career criminal sentence[1] based on its prior decision in *1285 Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). The Davis Court’s decision is in express and direct conflict with the Third District Court of Appeal’s decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we approve the decision below reversing Davis’s violent career criminal sentence and remand this cause for resentenc-ing in accordance with the valid laws in effect on January 22, 1996, the date on which Davis committed the underlying offenses in this case.[2] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur. WELLS, J., dissents.

. The trial court's oral pronouncement at the sentencing hearing clearly shows that Davis was sentenced, at least as to Count I, as a violent career criminal:
I do recognize that by virtue of this Gort statute that we are now not just doubling sentences!;] we are tripling in regard of the felony of the third degree maximum penalty-
I do adjudicate you guilty. Having previously accepted your plea as being freely and voluntarily entered with a factual basis for said plea. Taking all things into consideration based on my review of the testimony presented to the court and the information contained in the presentence investigation!,] I adjudicate you guilty on both counts. On Count 1 I sentence you to 30 years [in] Florida State Prison which is a mandatory minimum to be served concurrently with Count 2. Count 2, 10 years [in] Florida State Prison waives minimum mandatory. Both sentences are to be served concurrently with each other.
*1285 [[Image here]]
... I have taken everything into consideration in deciding that you are a threat to the community and that the public safety does indicate that you be sentenced as a violent career criminal.
Record on Appeal at 97-98 (emphasis added). However, the trial court’s written sentencing order indicates that Davis was sentenced on both counts as a habitual felony offender. See Record on Appeal at 33, 35. The written sentencing order is inconsistent with the oral sentencing pronouncement; in such a situation, the oral pronouncement controls. See, e.g., State v. Williams, 712 So.2d 762, 764 (Fla.1998) (citing Justice v. State, 674 So.2d 123, 125 (Fla.1996), for the proposition that "there is a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary”); Driver v. State, 710 So.2d 652, 653 (Fla. 2d DCA 1998) (stating that “[w]hen a written order does not conform to the trial court’s oral pronouncement, the oral pronouncement controls”).

. We note that Davis has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999). Further, we quash that portion of the decision below that remanded this cause for resentenc-ing in accordance with the valid laws in effect at the time that Davis was sentenced.