754 So.2d 149 (2000)
Charles ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4753.
District Court of Appeal of Florida, Second District.
March 24, 2000.
PER CURIAM.
Charles Arnold appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Arnold alleges that the written judgment and sentence entered in his case does not comport with the oral pronouncement in that the written sentencing document reflects a twenty year habitual felony offender prison sentence while the oral pronouncement did not provide for a habitual offender sentence.
The trial court denied this claim, finding that it was refuted by the record. In *150 support of its conclusion, the trial court attached only one page of the sentencing transcript which reflected that the trial court found that Arnold qualified as a habitual felony offender. This does not, however, refute Arnold's claim that he was not orally sentenced as a habitual felony offender.
Sentencing under the habitual felony offender statute involves a two-step process. See King v. State, 681 So.2d 1136, 1138 (Fla.1996). First, the court has the ministerial duty of determining whether the defendant qualifies as a habitual felony offender. See id. at 1139. Second, the court must decide whether the defendant will be sentenced as a habitual felony offender. See id. Thus, even where the court determines that the defendant is a habitual offender, the court may still decide not to impose a habitual offender sentence. See id.
Therefore, the fact that the trial court determined that Arnold was a habitual felony offender does not necessarily mean that the trial court sentenced him to a habitual offender sentence.[1] It is well-established that where a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls. See Driver v. State, 710 So.2d 652 (Fla. 2d DCA 1998). Because the record attachments provided by the trial court do not conclusively refute Arnold's claim that the written sentence does not conform to the oral pronouncement of sentence, we reverse and remand for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and CASANUEVA, and STRINGER, JJ., Concur.
NOTES
[1] Documents attached by Arnold support his contention that the trial court did not orally pronounce a habitual offender sentence. We decline, however, to make this determination based on the incomplete record before this court.