PER CURIAM.
The appellant, A.J. James, appeals from an order summarily denying his motion for *472 postconviction relief made pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850, and an order denying his Motion for Rehearing and Clarification. Pursuant to rule 3.850,' the appellant’s petition is barred as untimely filed more than two years after his judgment and sentence became final.[1] As a petition for correction of illegal sentence under rule 3.800, we observe that the sentence imposed is the maximum legal sentence authorized under the habitual offender statute for James’s offenses. § 775.084(4)(b), Fla. Stat. (1993). After reviewing the record on appeal, we find that the record conclusively establishes that the appellant is entitled to no posteonviction relief for his stated claims, and affirm the trial court’s summary denial of his motion without an evidentiary hearing.
However, the State has conceded that the record does show a sentencing error not raised by James. The State correctly provides that the trial court’s written sentencing order indicates that James was sentenced as an habitual violent offender, whereas the trial court orally pronounced that James was to be sentenced as an habitual offender. (Appendix C to State’s Response at p. 336). We therefore remand to the trial court for entry of a written order that conforms to the trial court’s oral pronouncements. Arnold v. State, 754 So.2d 149 (Fla. 2d DCA 2000)(oral pronouncement of sentence prevails over the written judgment and sentence form); Sconiers v. State, 734 So.2d 427 (Fla. 3d DCA 1999). In all other respects we affirm.
Affirmed in part, reversed and remanded in part.

. The convictions and sentences were affirmed by this Court on July 19, 1995, and mandate issued August 4, 1995.