DAVIS, Judge.
The Department of Corrections (DOC) challenges the trial court’s order granting Greene 120 days’ gain time credit against his prison sentence for time spent in the Polk County Jail as a pretrial detainee trustee. DOC argues that the trial court’s order, which was prepared by Greene’s counsel, did not reflect the trial court’s oral pronouncement. We agree.
While in the Polk County Jail, awaiting trial on felony charges, Greene was informed by county jail personnel that if he served as a detainee trustee he would accrue gain time credit against his ultimate sentence. The DOC does not recognize such gain time and would not give Greene the 120 days’ credit the Polk County Sheriffs Office calculated he was due.
At the hearing on the motion to assess pretrial detainee gain time, the trial court instructed defense counsel to prepare an order stating the number of days of pretrial gain time the country sheriff had calculated Greene was due and directing DOC “to act according to the law.” The written order, however, granted Greene the gain time credit.
“It is well-established that where a written order does not conform to the trial court’s oral pronouncement, the oral pronouncement controls.” Arnold v. State, 754 So.2d 149, 150 (Fla. 2d DCA 2000) (citing Driver v. State, 710 So.2d 652 (Fla. 2d DCA 1998)).
Greene argues that any error was not properly preserved because the assistant state attorney present at the hearing made no objection to the court’s ruling. However, since we conclude that the written order does not represent the court’s oral pronouncement, any objection would be to the written order and not to anything said during the hearing.
We therefore reverse the trial court’s order and remand for entry of an order that reflects the trial court’s oral pronouncement.
PARKER, A.C.J., and CASANUEVA, J., Concur.