OPINION ON MOTION FOR REHEARING
PER CURIAM.
Based upon the State’s motion for rehearing or clarification, we withdraw our previous opinion and substitute the following opinion. Leotis Powell appeals an or *870 der summarily denying his motion for posteonviction relief, arguing that the trial court erred in habitualizing him upon revocation of probation because he had not been originally sentenced as a habitual offender. We find that appellant is entitled to relief based on existing case law.
According to the facts alleged in the motion for posteonviction relief, the state filed a notice to seek habitualization, and the trial court specifically found that appellant qualified as a “habitual felony offender.” The trial court then sentenced appellant to probation. Appellant alleges, and it is not refuted by the record, that the sentence was not imposed pursuant to the habitual offender statute.
If the trial court did not place appellant on probation as a habitual felony offender, then it cannot sentence him as a habitual felony offender upon revocation of probation. See Snead v. State, 616 So.2d 964, 965-66 (Fla.1993) (quashing affirmance of habitual offender sentence imposed after revocation of probation where defendant had not been sentenced to probation as a habitual offender); Battle v. State, 710 So.2d 628, 630 (Fla. 2d DCA 1998) (reversing habitual offender sentence imposed upon revocation of probation where the record did not demonstrate that appellant had been placed on probation as a habitual offender even though his original plea form had indicated that he had agreed to a habitual sentence); House v. State, 696 So.2d 515 (Fla. 4th DCA 1997) (vacating in posteonviction a habitual offender sentence imposed upon revocation of community control where defendant had not been placed in community control as a habitual offender); see also Norton v. State, 719 So.2d 985, 985 (Fla. 5th DCA 1998) (“Because Norton was not sentenced as a habitual offender initially, he cannot be sentenced as such after revocation of probation.”); Graham v. State, 718 So.2d 307, 308 (Fla. 2d DCA 1998) (“Because the trial court imposed a nonhabitual sentence originally, the court was required to impose a guideline sentence upon the violation of community control.”). We are, therefore, required to reverse and remand for the trial court to attach portions of the record, if any exist, conclusively demonstrating that appellant is not entitled to relief, or for further proceedings, if warranted. Simmons v. State, 765 So.2d 88 (Fla. 1st DCA 2000).
While case law dictates the result in this case, we question the reasonableness in the requirement that because the trial judge did not utilize the magic words “you are on probation as a habitual offender,” the defendant could not be sentenced as a habitual offender upon violation of probation. It seems to us that finding a person to be qualified as a habitual offender should have legal significance and that requiring it to be stated again as part of the sentence mandates needless repetition. In effect, the case law appears to state that an initial determination concerning defendant’s qualification for habitualization is of no significance if it is not restated in the sentence.
The general rule as provided in section 948.06(1), Florida Statutes, should apply: When a person violates probation, the court may “impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.” A prisoner who qualifies as a habitual offender should be subject to the penalties applicable to that status. Artificial sentencing limitations, as imposed here, seem to us to create unnecessary questions as to the wisdom of our sentencing system.
Because the appellant’s claim is facially sufficient, see King v. State, 681 So.2d 1136 (Fla.1996), we reverse the summary denial of this claim and remand for consideration on the merits. The summary denial of posteonviction relief is otherwise affirmed.
JOANOS and WOLF, JJ., concur; BENTON, J. concurs in result.