823 So.2d 273 (2002)
Russell L. YATES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3307.
District Court of Appeal of Florida, Fifth District.
August 9, 2002.
Russell E. Crawford, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Yates appeals from the summary denial of his motion made pursuant to Florida Rule of Criminal Procedure 3.800(a), to correct an illegal sentence. He contends the trial court erred when it resentenced Yates to a thirty year term because it did not expressly announce at the resentencing hearing that Yates was being sentenced as an habitual felony offender. The thirty year term greatly exceeded the maximum guideline range, which was less than ten years. We affirm.
Yates was resentenced on June 26, 2000. He had been previously sentenced to forty years as a violent career criminal offender, and his sentence was affirmed on appeal. Yates v. State, 704 So.2d 1159 (Fla. 5th DCA 1998). Thereafter, this court sent this cause back for resentencing in light of State v. Thompson, 750 So.2d 643 (Fla. 1999). See Yates v. State, 755 So.2d 202 (Fla. 5th DCA 2000).
At the hearing on resentencing, the trial court made the following findings and pronouncements:
It will be the judgment and sentence of this court that Russell Lee Yates be adjudicated guilty, and that he be sentenced for a term of years not exceeding 30 years. The court finds that he does qualify for the habitual felony offender in that he has been previously convicted of a combination of two or more felonies in this state.
The felony of which the Defendant is to be sentenced was committed within five years of the date of the conviction of the last prior felony, and I believe that was by three months, if I got that correct.
* * *

*274 And none of these are possession of controlled substances and he has not received a pardon, and none of the felonies are qualifying offenses necessary for the operation of this section have not been set aside by any post-conviction proceeding.
The court notes that the statute clearly points out that unless the court finds that such sentence is not necessary for the protection of the public that it is required to do so. The court does certain testimony I can'tthe court cannot make a finding that such sentence is not necessary for the protection of the public.
So we talked about the aggravated assaults, and the problems that he had with Ms. Register. But the court does find that the aggravated assault on a law enforcement officer is something that may have arose out of a situation where he was with Ms. Register. It's also a separate situation where he dealt with law enforcement officers and not Ms. Register.
The court finds there's ample other priors also.
Relying on several cases,[1] Yates contends that even though the trial court properly found he qualified to be sentenced as an habitual felony offender, because it did not expressly say it was sentencing him as an habitual felony offender, this omission renders his sentence illegal and he must be resentenced within the guidelines. We do not find any Florida appellate cases in which the court has required a sentencing judge to use the magic words, "habitual felony offender sentence," in order to effectuate a legal sentence where it is obvious the trial court intended to and did impose an habitual felony offender sentence.
In Driver v. State, 710 So.2d 652 (Fla. 2d DCA 1998), the trial court orally pronounced sentences of fifteen years on one count with a concurrent ten years on a second count. The court then announced justification for an upwards departure and orally pronounced concurrent twenty-five year sentences. It later filed departure reasons. However, the written judgment and sentence proclaimed it was an habitual felony offender sentence. Thus, there was a discrepancy between the oral sentence and the written sentence for which the oral sentence controls. See Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985). If it was not an habitual felony offender sentence, the length of the sentences exceeded the statutory maximum. In addition, there was no basis in the record produced to show the trial court qualified Driver as an habitual offender, or that it determined to impose that kind of sentence.
In this case, however, there is no discrepancy between the oral pronouncement of sentence and the written sentence. The court did not indicate it was "departing upward" from the maximum guidelines and give departure reasons. Rather, it followed the two-step procedure required by King v. State, 681 So.2d 1136, 1138 (Fla.1996), receded from on other grounds, Carter v. State, 786 So.2d 1173 (Fla.2001), for imposing an habitual felony offender sentence. The court made the findings necessary to show Yates qualified to be sentenced as an habitual offender.[2] It then made the statement that the trial court could not say the habitual offender sentence was not necessary for the protection of the publicthe second requirement *275 under the statute,[3] in the event a court is not going to impose an habitual offender sentence. This finding is only relevant in an habitual offender sentencing. The court then imposed the thirty-year sentence, which far exceeded the guidelines maximum range. In so doing, it clearly made the determination that Yates should and was to receive an habitual offender sentence.
In Arnold v. State, 754 So.2d 149 (Fla. 2d DCA 2000), the defendant was sentenced as an habitual felony offender, pursuant to the written sentence. The transcript of the sentencing hearing showed Arnold was found to have qualified for habitual offender sentencing, but there was no indication the trial court determined that he should be so sentenced. Because the second step of the two-step process required by King may not have been followed (based on the incomplete record provided), there may have been a discrepancy between the oral sentencing and the written judgment. The appellate court sent the cause back to the trial level to resolve the matter.
In Powell v. State, 774 So.2d 869 (Fla. 1st DCA 2000), quite a different issue was presented: whether a trial court could sentence a defendant to an habitual felony offender sentence after the defendant violated his probation in a case where, although the trial court found the defendant qualified as an habitual felony offender, it failed to sentence him as an habitual felony offender, in placing him on probation. Following established case law, the court held that if the sentencing judge did not place the defendant on probation as an habitual felony offender at the first sentencing hearing, it could not sentence him as an habitual felony offender when it revoked his probation. Pertaining to the facts in this case, the apparent defect in Powell was the trial court's failure to take the second step of deciding to sentence the defendant as an habitual felony offender in the first instance. As noted above, we think the second step was taken in this case.
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] Powell v. State, 774 So.2d 869 (Fla. 1st DCA 2000); Arnold v. State, 754 So.2d 149 (Fla. 2d DCA 2000); Driver v. State, 710 So.2d 652 (Fla. 2d DCA 1998).
[2] See § 775.084(3), Fla. Stat. (1994).
[3] § 775.084(4)(c), Fla. Stat. (1994).