PER CURIAM.
James Campbell was charged with violating Conditions 3 and 5 of his probation. Campbell admitted that he violated Condition 3, and the State agreed not to proceed on Condition 5. The trial court accepted the plea agreement, revoked Campbell’s probation, and imposed the maximum available sentence recognized by the parties. The trial court then entered a written order revoking Campbell’s probation based on a violation of Condition 5.
Both Campbell and the State agree that the revocation and sentence should be affirmed. However, both parties also agree that the written order of revocation should be remanded so that it can be corrected to reflect the trial court’s oral pronouncement accepting Campbell’s plea as to Condition 3, not Condition 5. We agree that the revocation order must be remanded for such correction. See Rodriguez v. State, 777 So.2d 1175, 1175 (Fla. 4th DCA 2001)(case remanded for the trial court to enter a written order of revocation in conformance with the court’s oral pronouncement); Robinson v. State, 763 So.2d 1058, 1059 (Fla. 4th DCA 1999)(“A written revocation order must conform to the trial court’s oral pronouncement.”).
AFFIRMED AND REMANDED for entry of a corrected order of revocation.
GUNTHER, STEVENSON and TAYLOR, JJ., concur.