940 So.2d 1270 (2006)
Oliver ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0105.
District Court of Appeal of Florida, First District.
November 6, 2006.
Oliver Allen, pro se, Appellant.
Charlie Crist, Attorney General, Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Appellant stated a facially sufficient claim that the trial court's oral pronouncement at sentencing does not comport with his written sentence, we reverse.
Following a plea of nolo contendere, Appellant was convicted of possession and sale of cocaine, and the trial court imposed a sentence of 30 months' incarceration. In the instant rule 3.850 motion, Appellant alleges that, at sentencing, the trial court orally pronounced that all but one year and one day of his sentence would be suspended and that the written sentence does not reflect this suspension. Written sentences must comport with the sentence that is orally pronounced, and when the two are inconsistent, the oral pronouncement controls. See Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003).
The trial court incorrectly ruled that Appellant's plea form demonstrated that the plea agreement was for 30 months' incarceration and that there would be no logical reason for the trial court to suspend a portion of the sentence. However, the plea agreement does not conclusively refute Appellant's claim that the sentence that was orally pronounced differs from that which was written. When addressing a rule 3.850 motion, the trial *1271 court must either determine that the record refutes the movant's claim and attach such support to the order denying the motion, or hold an evidentiary hearing on the merits. See Tompkins v. State, 872 So.2d 230, 238 (Fla.2003) (internal citations omitted); Fla. R.Crim. P. 3.850(d). While the trial court provided the plea form, the clerk's worksheet, the judgment and sentence, and the clerk's certificate in denying Appellant's motion, only the transcript of the sentencing hearing will refute or support his claim. The transcript was not attached to the appealed order.
We, therefore, reverse the summary denial of Appellant's motion and remand to the trial court for an evidentiary hearing or to refute Appellant's claim with a transcript of the sentencing hearing.
REVERSED AND REMANDED.
KAHN, HAWKES and THOMAS, JJ., concur.