PER CURIAM.
 

 Robert Nelson Baldwin, challenges his conviction and sentence for lewd and lascivious molestation of a child less than twelve years of age. We affirm all issues on appeal, and write only to address Appellant’s argument that the trial court lacked jurisdiction when the case was tried.
 

 Prior to trial, Appellant moved in limine to exclude the testimony of certain collateral witnesses. The trial court granted the motion and excluded the witnesses from testifying in the State’s case-in-chief. The court orally granted a continuance when the prosecutor stated his intent to “appeal” the ruling. This court treated the State’s “Notice of Interlocutory Appeal” as a petition for a writ of certiorari, granted the writ, and found that the trial court failed to make inquiries into reason
 
 *992
 
 able alternatives prior to imposing a categorical exclusion.
 
 See State v. Baldwin,
 
 978 So .2d 807, 809 (Fla. 1st DCA 2008). After this court’s opinion issued, but prior to the issuance of the mandate, Appellant’s trial commenced and he was found guilty as charged. The trial court imposed Appellant’s sentence after the mandate issued.
 

 Appellant argues that any action taken by an appellate court divests the lower tribunal of jurisdiction until the appellate court’s mandate is issued. The issue of jurisdiction is strictly a legal one. Therefore, this court reviews the trial court’s jurisdiction de novo.
 
 Jacobsen v. Ross Stores,
 
 882 So.2d 431, 432 (Fla. 1st DCA 2004). Here, the State sought review of a non-final order with what this court treated as a petition for writ of certiorari. The filing of a petition for writ of certiorari involving a non-final order invokes this court’s original jurisdiction. Fla. R.App. P. 9.030. In such instances, a lower court retains “continuing jurisdiction to enter all orders, including the final order disposing of the ease, unless the appellate court has entered a stay or an order that otherwise prevents further action .... ” Philip J. Padovano,
 
 Florida Appellate Practice
 
 § 1.6 (Thomson West 2009).
 
 See also
 
 Fla. R.App. P. Rule 9.130(f). Here, no such stay or order existed at the time of jury selection, trial, or judgment. Therefore, the trial court retained the necessary jurisdiction to proceed with each phase of trial.
 

 Accordingly, we AFFIRM the trial court’s imposition of judgment and sentence.
 

 WOLF, WEBSTER, and CLARK, JJ„ concur.