IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER BUSBEE,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4472

Opinion filed April 6, 2016.

Petition Alleging Ineffective Assistance of Appellate Counsel -- Original
Jurisdiction.

Christopher Busbee, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney
General, Tallahassee, for Respondent.

PER CURIAM.

      Christopher Busbee files a petition alleging that his appellate counsel was

ineffective in his direct criminal appeal. We have jurisdiction. See Fla. R. App. P.

9.141(d). For the reasons explained below, we find merit in Busbee's claims and grant the petition.

Busbee received 17 overall sentences, all concurrent. At the sentencing hearing, the trial court announced its intent to sentence Busbee as a habitual felony offender ("HFO") on all counts.

Case No. 11-CF-1166

The first three sentences were imposed in a violation of probation case, lower tribunal case number 11-CF-1166. We first note that the HFO designation in these three sentences was improper. "If the trial court did not place appellant on probation as a habitual felony offender, then it cannot sentence him as a habitual felony offender upon revocation of probation." Powell v. State, 774 So. 2d 869, 870 (Fla. 1st DCA 2000) (citations omitted). In this case, it is clear that the petitioner was not placed on probation as a habitual felony offender. Nonetheless, upon violation of probation, he was sentenced as a habitual felony offender. This was improper. Id.

The first sentence imposed was for unarmed burglary of an occupied dwelling, contrary to sections 810.02(1)(b) and (3)(a), Florida Statutes (2011). This offense is a second-degree felony punishable by 15 years' imprisonment. See § 775.082(3)(d), Fla. Stat. (2011). The court orally pronounced a 15-year sentence, and awarded 293 days' credit for time served. The written sentence was consistent with the oral pronouncement. This sentence was legal; 15 years' imprisonment is the statutory

2

maximum for a second-degree felony even without the HFO designation.  Id.

The second sentence imposed in that case was for one count of unarmed burglary of an unoccupied conveyance, contrary to sections 810.02(1)(b) and (4)(b), Florida Statutes (2011).  This offense is a third-degree felony punishable by 5 years' imprisonment.  See § 775.082(3)(e), Fla. Stat. (2011).  HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment.  See § 775.084(4)(a)3., Fla. Stat. (2011).  That provision provides a mandatory minimum term of 5 years' imprisonment for such offenders.  Id.  However, as discussed above, the HFO designation was improper.  Accordingly, the 5-year statutory maximum imposed by section 775.082(3)(e) applies.  Here, the trial court imposed, orally and in writing, a 15-year sentence.

The question becomes, therefore, whether the lowest permissible sentence in the Criminal Punishment Code ("CPC") scoresheet utilized in this case created an exception to the statutory maximum.  "If the lowest permissible sentence under the Code exceeds the statutory maximum sentence as provided in section 775.082, the sentence required by the Code must be imposed."  Fla. R. Crim. P. 3.704(25); *see also* § 921.0024(2), Fla. Stat. (2011).  However, "when section 921.0024(2) applies so that the statutory maximum sentence . . . is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose."  Butler v. State, 838 So. 2d 554, 556 (Fla.

2003). Here, the CPC scoresheet listed a lowest permissible sentence of 140.175 months, and we find no error in that calculation. Per section 921.0024(2) and <u>Butler</u>, this approximately 11.7 year calculation becomes the required sentence for this count; because the lowest permissible sentence exceeded the statutory maximum, the trial court was required to impose the CPC sentence, but could not exceed the lowest permissible sentence itself. In short, the trial court was required to impose a sentence of 140.175 months (or roughly 11.7 years) on this count, and instead imposed a 15-year sentence. This sentence is, accordingly, illegal.

The third sentence was for second-degree petit theft, third subsequent offense, contrary to sections 812.014(1)(a-b), (3)(a), and (c), Florida Statutes. This offense is a third-degree felony punishable by 5 years' imprisonment. <u>See</u> § 775.082(3)(e), Fla. Stat. (2011). Similar to the above count, the trial court imposed, orally and in writing, a 15-year sentence. The above analysis controls this count as well; the trial court was required to impose the lowest permissible CPC sentence of 140.175 months. The 15-year sentence is illegal.

<u>Case No. 12-CF-960</u>

Busbee received two sentences in lower tribunal case number 12-CF-960. The first was for unarmed burglary of an unoccupied conveyance, contrary to sections 810.02(1)(b) and (4)(b), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. <u>See</u> § 775.082(3)(e), Fla. Stat. (2012). HFO

4

enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a five-year sentence on this count, but imposed an inconsistent written sentence of 15 years' imprisonment. The oral pronouncement controls over the written sentence where there is a discrepancy. Williams v. State, 957 So. 2d 600, 602 (Fla. 2007). The orally pronounced sentence was legal. However, a discrepancy remains between the oral and written sentence on this count.

The second sentence that Busbee received in this case was for second-degree petit theft, third subsequent offense, contrary to sections 812.014(1)(a-b), (3)(a), and (c), Florida Statutes. This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). As on the above count, trial court orally announced a five-year sentence on this count, but imposed a written sentence of 15 years' imprisonment. The orally pronounced sentence was legal. The trial court also, although announcing its intent to sentence the petitioner as an HFO on all counts, neglected to include the HFO designation in the written sentence for these two counts. Finally, at the sentencing hearing, the trial court erroneously announced a five-year sentence for a nonexistent third count in this case.

<u>Case No. 12-CF-961</u>

Next, Busbee received three sentences in lower tribunal case number 12-CF-961. The first was for unarmed burglary of an occupied dwelling, contrary to sections 810.02(1)(b) and (3)(a), Florida Statutes (2012). This offense is a second-degree felony punishable by 15 years' imprisonment. <u>See</u> § 775.082(3)(d), Fla. Stat. (2012). The trial court imposed a 15-year sentence on this count orally and in writing. However, the written sentence omitted the HFO designation for this count and the others in this case.

The second sentence in this case was for third-degree grand theft, contrary to sections 812.014(1)(a, b) and (2)(c)(1), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. <u>See</u> § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. <u>See</u> § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally pronounced a five-year sentence, but imposed a written 15-year sentence, and failed to include the HFO designation in the written sentence.

The next sentence was for one count of criminal mischief resulting in property damage of $1,000 or more, contrary to sections 806.13(1)(a)(3) and (1)(b)(3), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. <u>See</u> § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years'

6

imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally pronounced a five-year sentence, but imposed a written 15-year sentence, and failed to include the HFO designation in the written sentence.

Case No. 12-CF-1253

The petitioner was sentenced for three counts in lower tribunal case number 12-CF-1253. The first two counts were for burglary of an unoccupied structure, contrary to sections 810.02(1)(b) and (4)(a), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a 10-year sentence on each of these counts, and the written sentences were consistent with this pronouncement. However, the written sentences omitted the HFO designation announced at sentencing.

The third sentence in this case was for second-degree petit theft, third subsequent offense, contrary to sections 812.014(1)(a-b), (3)(a), and (c), Florida Statutes. This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a 10-year sentence on each of these counts, and the written sentences were consistent with this

7

pronouncement. However, the written sentences omitted the HFO designation announced at sentencing.

Case No. 12-CF-1254

The petitioner received six sentences in lower tribunal case number 12-CF-1254. The first such sentence was for aggravated battery with great bodily harm, permanent disability, or permanent disfigurement, contrary to section 784.045(1)(a)(1), Florida Statutes (2012). This offense is a second-degree felony punishable by 15 years' imprisonment. See § 775.082(3)(d), Fla. Stat. (2012). The trial court imposed a 15-year sentence on this count orally and in writing. However, the written sentence omitted the HFO designation for this count and the others in this case.

The second sentence in this case was for one count of aggravated assault with a deadly weapon without intent to kill, contrary to section 784.021(1)(a), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a 10-year sentence on this count, but the written sentence imposed a five-year term of probation only.

The third sentence in this case was for burglary of an unoccupied structure, contrary to sections 810.02(1)(b) and (4)(a), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla.

Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a 10-year sentence on this count, but the written sentence imposed a five-year term of probation only.

The next sentence imposed in that case was for one count of unarmed burglary of an unoccupied conveyance, contrary to sections 810.02(1)(b) and (4)(b), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a 10-year sentence on this count, but the written sentence imposed a five-year term of probation only.

The trial court next sentenced the petitioner for third-degree grand theft, contrary to sections 812.014(1)(a, b) and (2)(c)(1), Florida Statutes (2012). This offense is a third-degree felony punishable by 5 years' imprisonment. See § 775.082(3)(e), Fla. Stat. (2012). HFO enhancement allows a court to sentence a third-degree felony offender to no more than 10 years' imprisonment. See § 775.084(4)(a)3., Fla. Stat. (2012). The trial court orally announced a 10-year sentence on this count, but the written sentence imposed a five-year term of probation only.

The final sentence in this case was for one count of resisting an officer without violence, contrary to section 843.02, Florida Statutes (2012). This is a first-degree misdemeanor punishable by a term of imprisonment not to exceed one year. See § 775.082(4)(a), Fla. Stat. (2012). The trial court orally announced a sentence of 364 days' imprisonment on this count, and the written sentence was consistent with this pronouncement.

Conclusion

In sum, the petitioner received illegal sentences in the second and third count of lower tribunal case number 11-CF-1166. All three sentences in that case included an improper HFO designation. The written sentences in all of the other cases (12-CF-960, 12-CF-961, 12-CF-1253, and 12-CF-1254) omitted the HFO designation. The oral and written sentences were inconsistent in case number 12-CF-960 (both counts), the second and third count in case number 12-CF-961, and the second through fifth counts in case number 12-CF-1254.

Where a sentencing error could have been preserved via a meritorious rule 3.800(b)(2) motion, appellate counsel's failure to do so constitutes ineffective assistance. See, e.g., Anderson v. State, 988 So. 2d 144, 146 (Fla. 1st DCA 2008). Here, the petitioner received two manifestly illegal sentences in the second and third count of case number 11-CF-1166. Of the remaining 15 sentences, 14 of the written sentences were inconsistent with the oral pronouncements, either through omission of

the HFO designation or through the written sentences themselves being inconsistent with the oral pronouncements.

"Written sentences must comport with the sentence that is orally pronounced, and when the two are inconsistent, the oral pronouncement controls." Allen v. State, 940 So. 2d 1270 (Fla. 1st DCA 2006) (*citing* Ashley v. State, 850 So. 2d 1265, 1268 (Fla. 2003)). Here, as described above, in all of the counts in which the oral pronouncements were inconsistent with the written sentences, the oral pronouncements were legal. However, the written sentences must be corrected to conform to the oral pronouncements. See, e.g., Rivera v. State, 117 So. 3d 449, 449-50 (Fla. 2d DCA 2013).

Accordingly, we vacate all of the petitioner's sentences except for the sentence in the first count of lower tribunal case number 11-CF-1166,[1] which was legal even without the HFO designation, and remand for resentencing consistent with this opinion. We note that this outcome does not actually change the length of the petitioner's incarceration, given that we are not vacating the first 15-year sentence in case number 11-CF-1166 and all sentences were imposed concurrently.

PETITION GRANTED; REMANDED FOR RESENTENCING ONLY.

LEWIS, SWANSON, and WINOKUR, JJ., CONCUR.

---

[1] We do, however, vacate the HFO designation on that count, as with the other two counts in that case.