IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY HERSCHEL
THOMAS, JR.,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4713

_____/

Opinion filed November 2, 2016.

An appeal from the Circuit Court for Duval County.
Mark J. Borello, Judge.

Nancy A. Daniels, Public Defender, and David Alan Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant was convicted of four offenses—two counts of attempted second-degree murder (counts 1 and 2), discharging a firearm from a vehicle (count 3), and possession of a firearm by a convicted felon (count 4)—arising out of an incident at

a gas station during which he shot a gun from his car at another car that had two occupants. Appellant was sentenced as a prison releasee reoffender (PRR) to 30 years on count 1, with a 25-year mandatory minimum term under the 10-20-Life statute; 30 years on count 2, with a 20-year mandatory minimum term under the 10-20-Life statute; five years on count 3; and 10 years on count 4, with a 3-year mandatory minimum term.[1] All of the sentences, and all of the mandatory minimum terms, were ordered to run consecutively.

On appeal, Appellant argues—and the State concedes—that the trial court erroneously concluded that (1) it was <u>required</u> to impose the PRR sentences in counts 1 and 2 consecutively, <u>see</u> <u>State v. Mosley</u>, 149 So. 3d 684, 688 (Fla. 2014) (explaining that trial court "may" impose consecutive PRR sentences); and (2) it was <u>required</u> to impose all of the mandatory minimum terms under the 10-20-Life statute consecutively, <u>see</u> <u>Williams v. State</u>, 186 So. 3d 989, 993 (Fla. 2016) (explaining that "consecutive sentencing is permissible but not mandatory" when the defendant commits multiple firearm offenses contemporaneously and shoots at multiple victims). However, contrary to Appellant's argument, the trial court did

---

[1] The written judgment and sentence indicates that the mandatory minimum terms on counts 1 and 2 were imposed pursuant to the PRR statute, but that is inconsistent with the trial court's oral pronouncement at the sentencing hearing that the mandatory minimums on those counts were imposed pursuant to the 10-20-Life statute. The oral pronouncement controls. <u>See</u> <u>Ashley v. State</u>, 850 So. 2d 1265, 1268 (Fla. 2003).

not err in imposing the sentence for count 3 consecutively because the plain language of the 10-20-Life statute required the court to impose the sentences for the "qualifying" offenses in counts 1, 2, and 4, consecutively to the sentence for the "non-qualifying" offense in count 3. See Martin v. State, 190 So. 3d 252, 255 (Fla. 1st DCA 2016) (discussing section 775.087(2)(d), Florida Statutes).

Accordingly, we reverse Appellant's sentences and remand for resentencing in accordance with the above-cited cases. We affirm all of the other issues raised by Appellant without discussion.

AFFIRMED in part; REVERSED and REMANDED in part.

LEWIS, WETHERELL, and JAY, JJ., CONCUR.