IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LEROY SPATCHER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5656

_____/

Opinion filed October 6, 2017.

An appeal from the Circuit Court for Baker County.
James M. Colaw, Judge.

Andy Thomas, Public Defender, and Brenda L. Roman, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, for Appellee.

WINSOR, J.

The trial court revoked Leroy Spatcher's probation and sentenced him to prison. The issue on appeal is whether the trial court had jurisdiction to do that. That issue turns on when Spatcher's probation ended, which turns on what actually happened six years ago in Spatcher's original, convoluted sentencing proceeding.

Although Spatcher offers a colorable interpretation of that proceeding, we disagree with his ultimate conclusion. Spatcher was still on probation when he violated, so the trial court had jurisdiction to revoke. We affirm.

I.

In 2011, Spatcher faced charges in two separate criminal cases. In the first case (Case No. 02-2010-CF-256A, or the "drug case"), the State charged Spatcher with the sale of a counterfeit controlled substance. In the other case (Case No. 02-2010-CF-146A, or the "driving case"), the State charged felony driving with a revoked license, along with six related misdemeanors. Spatcher and the State entered a plea agreement to resolve all charges in both cases. According to the agreement, Spatcher would receive one year of community control for the drug charge, followed by five years of probation for the felony driving charge. The agreement also provided "credit for time served of 301 days."

The trial court then imposed sentence, the precise details of which the parties dispute. The five years' probation was consecutive to the one-year community control—Spatcher and the State agree on that part. They also agree that Spatcher's various jail sentences (up to 301 days) for the misdemeanors were for time served. Also undisputed is the fact that the violation-of-probation affidavit was filed within five years of the end of Spatcher's community control (in other words, within six years of sentencing). The rub is that the affidavit came less than 301 days before the

2

end of the five years, meaning that if Spatcher's 301 days' jail credit operated to shorten his probation, his probation ended before the affidavit. If that were the case, the trial court would have lacked jurisdiction to revoke Spatcher's probation and sentence him to prison. *See Aponte v. State*, 896 So. 2d 836, 838 (Fla 1st DCA 2005); *Mundorff v. State*, 890 So. 2d 1234, 1236 (Fla. 1st DCA 2005). We review the issue of a trial court's jurisdiction de novo. *Baldwin v. State*, 20 So. 3d 991, 992 (Fla. 1st DCA 2009).

II.

The oral pronouncement at the 2011 sentencing was not entirely clear, and it conflicted with the written sentences in both cases, which themselves conflicted with one another. Had the trial court in 2011 operated with greater care and precision, we likely would have never had this appeal. But having waded through the unnecessary complications, we conclude that the 2011 sentence was lawful and included a full five years of probation. Therefore, the trial court had jurisdiction to enter the order on appeal.

The sentencing document for Spatcher's driving case shows a sentence of 301 days in jail with 301 days' credit *plus* five years of probation. As Spatcher notes, this total sentence would exceed the five-year maximum allowed for his third-degree felony conviction. *See* §§ 322.34(5), 775.082(3)(d), Fla. Stat. (2009). He therefore argues that his lawful probation ended four years and sixty-four days after the end

3

of his community control, the four years and sixty-four days equaling the five-year statutory maximum minus the 301 days he says he was sentenced to jail. *See Tate v. State*, 191 So. 3d 535, 537 (Fla. 1st DCA 2016); *Aponte*, 896 So. 2d at 837-38.

The State concedes that if the sentencing document reflected the actual sentence, we would have to reverse. But as the State argues, the oral pronouncement—not the sentencing document—controls. *See Thomas v. State*, 204 So. 3d 549, 550 n.1 (Fla. 1st DCA 2016); *Busbee v. State*, 187 So. 3d 1266, 1269 (Fla. 1st DCA 2016). At sentencing, the court said little about the driving case, but it clearly said the five years of probation was "to follow" the one year of community control. It made no mention of jail or jail credit for the driving case. Accordingly, Spatcher's sentence was consecutive to the community control and for a full five years.

We reject Spatcher's suggestion that the oral-pronouncement-controls rule applies only when it benefits the defendant. That is tantamount to arguing that the lesser punishment always controls, a rule we have never recognized. The rule that oral pronouncements control operates whether it helps or hurts a defendant. *See, e.g.*, *Rodriguez v. State*, 223 So. 3d 1053, 1054 (Fla. 2d DCA 2017) (remanding for trial court to strike youthful offender sentence in written judgment because court orally denied defendant's request for a youthful offender sentence and instead imposed twenty years' imprisonment); *Drumwright v. State*, 572 So. 2d 1029, 1030-31 (Fla.

4

5th DCA 1991) (holding trial court's oral pronouncement of thirty years controlled over written sentence of thirty months).

We also reject Spatcher's suggestion that the court's failure to give jail (or jail credit) for the driving charge was an apparent oversight—that considering the plea agreement and counsel's argument at sentencing, we should find the court's intent was to give credit on all charges. But even if we were to look behind the oral pronouncement to find the court's true intent, *cf. Gillen v. State*, 696 So. 2d 952, 953 (Fla. 4th DCA 1997) (examining trial court's intent to determine if there was a discrepancy between the oral and written sentences), we would affirm. The handwritten plea agreement said "one year community control (DO) followed by 5 years drug offender probation." And at the sentencing, Spatcher's public defender asked the court to impose one year of community control followed by five years of probation "so that the State could get the full six years it was asking for." In addressing Spatcher, the court noted its "intent that you be under supervision for a period of six years." We conclude that the sentence of five years' probation on the driving charge (with no jail or jail credit on that charge) was consistent with the court's and the parties' intent.

Finally, we reject Spatcher's argument that the State failed to preserve the sentencing issue. Spatcher cites *Latson v. State*, 193 So. 3d 1070, 1071 (Fla. 1st DCA 2016), to argue we cannot correct a scrivener's error without a 3.800 motion. Even

5

assuming the State could not seek an order remanding for correction of a scrivener's error, that is not what the State seeks. The State is not asking this court (or the trial court) to "correct" the written sentence; the State is asking us to recognize what the sentence was, to recognize that the oral pronouncement controls, and to recognize that because of the original sentence, the trial court had jurisdiction to revoke Spatcher's probation.

AFFIRMED.

LEWIS and WETHERELL, JJ., CONCUR.