# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5215

_____

RAHEEM TIMOTHY MORRIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

May 3, 2018


JAY, J.

In this direct appeal from his conviction and sentence for armed carjacking and armed robbery, Morris claims that the trial court abused its discretion by admitting evidence of his flight attempt and denying his motion for new trial. Finding no abuse of discretion, we affirm without further comment. However, the state correctly concedes that Morris was illegally sentenced to life in prison for carjacking with a "weapon," which was a first-degree felony punishable by a maximum of thirty years in prison absent any allegation or jury finding that he carried a "firearm" or "deadly weapon." Accordingly, we reverse and remand for resentencing on the carjacking count.

Shortly before trial, the state amended the information to allege that Morris carried a "weapon" during the course of committing the carjacking and robbery based on concerns that the alleged weapon, a BB gun, would not be considered a firearm or deadly weapon. At trial, the jury was instructed that "[i]f you find the defendant guilty of the crime of carjacking, you must further determine beyond a reasonable doubt if 'in the course of committing the carjacking' the defendant carried some kind of weapon." The jury was given the standard definition for "weapon," but not the standard definition for "deadly weapon" and "firearm." The jury returned a verdict finding Morris guilty of carjacking and robbery as charged with the special finding that Morris carried a "weapon" during the commission of both offenses.

At sentencing, the trial court adjudicated Morris guilty and sentenced him as a prison releasee reoffender to concurrent terms of life in prison on count I (carjacking while armed with a weapon) and thirty years in prison on count II (armed robbery). After filing a timely notice of appeal, Morris filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), claiming that his conviction for carjacking with a weapon was a first-degree felony punishable by a maximum of thirty years in prison absent any allegation or jury finding that he carried a "firearm" or a "deadly weapon." By operation of rule 3.800(b)(2)(B), the motion was "deemed denied."

Section 812.133, Florida Statutes (2015), provides in pertinent part:

(2)(a) If in the course of committing the carjacking the offender carried a firearm or other deadly weapon, then the carjacking is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

(b) If in the course of committing the carjacking the offender carried no firearm, deadly weapon, or other weapon, then the carjacking is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

2

The possession of a firearm or deadly weapon is an essential element of armed carjacking under section 812.133(2)(a). *Jacobs v. State*, 162 So. 3d 29, 32 (Fla. 4th DCA 2014). A defendant can only be convicted of carjacking as a first-degree felony under section 812.133(2)(b)—rather than a first-degree felony punishable by life under section 812.133(2)(a)—when the information omits any allegation that the defendant was armed with a firearm or deadly weapon during the carjacking. *See Deleon v. State*, 66 So. 3d 391, 394-95 (Fla. 2d DCA 2011); *McClendon v. State*, 689 So. 2d 412, 413 (Fla. 1st DCA 1997). The maximum penalty for a felony of the first-degree is thirty years under section 775.082(3)(b), Florida Statutes (2015). *See Spencer v. State*, 780 So. 2d 321, 322 (Fla. 1st DCA 2001) (holding that the maximum sentence for unarmed carjacking under section 812.133(2)(b) is thirty years).

Morris claims, and the state properly concedes, that he was illegally sentenced to life in prison for carjacking with a "weapon," which was a first-degree felony punishable by a maximum of thirty years in prison absent any allegation or jury finding that he carried a "firearm" or "deadly weapon." Even though section 812.133(2)(b) sets forth the punishment for unarmed carjacking when "the offender carried no firearm, deadly weapon, or other weapon," there is no crime defined for armed carjacking with such "other weapon." Under the rule of lenity, this ambiguity in the statutory language must be resolved in the defendant's favor. *See State v. Byars*, 823 So. 2d 740, 742 (Fla. 2002) (holding that "any ambiguity or situations in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense"). Because Morris qualified as a prison releasee reoffender, the trial court was required to sentence him to the statutory maximum of thirty years in prison. § 775.082(9)(a)3.b., Fla. Stat. (2015). As the trial court would have discretion to impose a concurrent or consecutive sentence, we remand for a new sentencing hearing on the carjacking count. *See State v. Mosley*, 149 So. 3d 684, 688 (Fla. 2014) (holding that a trial court may impose consecutive PRR sentences on a defendant for crimes committing during a single criminal episode); *Thomas v. State*, 204 So. 3d 549, 550 (Fla. 1st DCA 2016) (same).

AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.

B.L. THOMAS, C.J., and BILBREY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.