IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

T.M.F., A CHILD,

      Appellant,

v.                                                                  Case Nos.  5D17-2299 &
                                                                                        5D17-2300

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 19, 2018

Appeal from the Circuit Court
for Orange County,
Sally D.M. Kest, Judge.

James S. Purdy, Public Defender, and Ali L.
Hansen, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      We affirm, without discussion, the trial court's order withholding adjudication of

delinquency and placing T.M.F. on juvenile probation for five counts of burglary of a

conveyance, six counts of criminal mischief, and a single count of resisting a law

enforcement officer without violence.  We also affirm the trial court's finding that these

new law violations, as well as a curfew violation, constituted violations of probation (VOPs) in two separate cases.[1]  However, because the VOP orders fail to conform to the oral pronouncement[2] and fail to specify the conditions of probation T.M.F. violated, we remand for entry of new written orders specifying that T.M.F. violated condition 1 of the orders of probation, as well as the special condition imposing a curfew.  See Rodriguez v. State, 777 So. 2d 1175, 1175 (Fla. 4th DCA 2001) (holding the written probation revocation order "must conform to the trial court's oral pronouncement" (citing Robinson v. State, 763 So. 2d 1058, 1059 (Fla. 4th DCA 1999))); see also Manis v. State, 30 So. 3d 586, 587 (Fla. 5th DCA 2010) (finding that the trial court in a VOP case "must specify in the written order or judgment what conditions the defendant violated" (quoting Mormon v. State, 976 So. 2d 1188, 1189 (Fla. 5th DCA 2008))); accord Kadyebo v. State, 15 So. 3d 928 (Fla. 5th DCA 2009) (citing Young v. State, 4 So. 3d 1265 (Fla. 5th DCA 2009)).

    AFFIRMED; REMANDED FOR ENTRY OF NEW ORDER.

ORFINGER, EVANDER and BERGER, JJ., concur.

---

[1] Case numbers 5D17-2299 and 5D17-2300 were consolidated for appeal.

[2] The trial court's written order on the motion to correct sentencing error was not in conformance with its oral pronouncements as it failed to mention the curfew violation.