# Third District Court of Appeal
## State of Florida

Opinion filed December 20, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1759
Lower Tribunal No. F06-30750
_____


**Walter Bailey,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Walter Bailey, in proper person.

Ashley Moody, Attorney General, for appellee.


Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 775.087(2)(a)3., Fla. Stat. (2006) (providing that any person convicted of an enumerated felony (including attempted murder) and "during the course of the commission of such felony such person discharged a firearm. . . and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person ***shall be sentenced to a minimum term of imprisonment of not less than 25 years*** and not more than a term of imprisonment of life in prison") (emphasis added); <u>State v. Waldron</u>, 835 So. 2d 1217 (Fla. 5th DCA 2003) (reversing 15-year sentence because jury expressly found defendant used and discharged a firearm during the commission of an aggravated battery, resulting in great bodily harm, and therefore <u>requiring</u> the trial court to impose a 25-year minimum mandatory under the 10/20/Life statute, section 775.087(2)); <u>State v. R.F.</u>, 648 So. 2d 293, 294 n.1 (Fla. 3d DCA 1995) ("Where, as here, the trial court imposes a sentence which is shorter than a required mandatory minimum sentence, the sentence is not within the limits prescribed by law and is properly viewed as an 'illegal' sentence"); <u>State v. Lopez</u>, 408 So. 2d 744 (Fla. 3d DCA 1982); <u>State v. Scanes</u>, 973 So. 2d 659 (Fla. 3d DCA 2008) (reversing three-year minimum mandatory sentence as illegal and remanding for imposition of statutorily required ten-year minimum mandatory sentence; holding that when a trial court imposes a sentence that is shorter than the required

2

mandatory minimum sentence, the sentence is properly viewed as "illegal") (additional citations omitted); Allen v. State, 853 So. 2d 533, 534 (Fla. 5th DCA 2003) (affirming trial court's modification of sentence from a three-year minimum mandatory sentence to a ten-year minimum mandatory sentence where sentencing statute required the imposition of a ten-year minimum mandatory sentence, and therefore, three-year minimum mandatory sentence was illegal). See also Kelsey v. State, 206 So. 3d 5, 11  (Fla. 2016) ("In 2012, we clarified that jeopardy attaches only to a legal sentence") (citing Dunbar v. State,  89 So. 3d 901, 905 (Fla. 2012)); State v. Swider, 799 So. 2d 388, 391 (Fla. 4th DCA 2001) ("A trial court may vacate an illegal sentence and impose a harsher sentence without violating the defendant's double jeopardy rights"); Spatcher v. State, 228 So. 3d 1162, 1164 (Fla. 1st DCA 2017) ("We reject Spatcher's suggestion that the oral-pronouncement-controls rule applies only when it benefits the defendant. That is tantamount to arguing that the lesser punishment always controls, a rule we have never recognized. The rule that oral pronouncements control operates whether it helps or hurts a defendant.")