718 So.2d 886 (1998)
David CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2136.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
David Campbell, Belle Glade, pro se.
No appearance required for appellee.
PER CURIAM.
David Campbell appeals the denial of his motion to correct illegal sentence. We affirm the denial of relief on all grounds and write to explain our rejection of Campbell's claim that his written sentence is illegal because it does not conform with the oral pronouncement at his sentencing hearing.
In Gardner v. State, 707 So.2d 945 (Fla. 4th DCA 1998), we held that a claim that a written sentence does not conform to the oral pronouncement cannot be raised in a motion to correct illegal sentence filed under rule 3.800(a), Florida Rules of Criminal Procedure. Since that decision was published, the Florida Supreme Court explained the scope of rule 3.800(a) in State v. Mancino, 714 So.2d 429, 23 Fla. L. Weekly S301 (Fla. June 11, 1998). It is our conclusion that the Mancino decision does not require a different result.
In Mancino, the Supreme Court explained that "A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'." Id. at S303, at 433. The rule the oral pronouncement of the sentence that controls in the event of a discrepancy between the oral pronouncement and the written sentence is found in the Florida Rules of Criminal Procedure, not the Florida Statutes or the state or federal constitutions. Fla. R. Crim. Pro. 3.700(1). If there was an error in Campbell's sentence, it was caused by noncompliance with a procedural rule, and therefore does not result in an "illegal sentence" under the Mancino definition.
*887 WARNER and FARMER, JJ., and GLICKSTEIN, HUGH S., Senior Judge, concur.