PER CURIAM.
Defendant-appellant Henry Franquiz appeals the sentence imposed after remand from Franquiz v. State, 682 So.2d 536 (Fla.1996). Pursuant to a post-remand plea agreement, defendant adhered to his earlier-entered plea of guilty to a violation of community control in exchange for a twenty-year sentence followed by ten years probation. As part of the agreement, defendant reserved two issues for appeal. Neither of the reserved issues has merit.*
Defendant argues, in addition, that the successor judge failed to fully inform himself about the facts and prior history of this ease, before resentencing. This is not one of the two issues which defendant reserved for appeal, nor is there any indication that the defendant interposed any such objection with the successor judge, nor does the record show any specific request by the defendant for the successor judge to take any further, or different, action prior to imposing sentence. The successor judge took considerable time with this case prior to resentenc-ing, and the record reflects that the successor judge was thoroughly familiar with the background and circumstances. See Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992); Fla. R.Crim. P. 3.700(c)(1).
Defendant also contends that the claimed violations of community control, consisting of the defendant’s acts of calling the victim’s telephone number in violation of a “no contact” order, did not amount to a willful violation of community control where defendant never actually spoke to the victim. This, too, is not one of the two issues which defendant reserved for appeal. Moreover, although given the option to withdraw his plea of guilty, defendant elected to stand by his plea and did not raise this argument in the trial court. Accordingly, the sentencing order is
Affirmed.

 Defendant moved to dismiss the post-remand proceedings on the theoiy that the trial court in its initial revocation proceedings had merely modified defendant's community control, rather than revoking it. Defendant contended that a mere modification of community control did not trigger a requirement that there be written reasons for downward departure. However, it is clear that an affidavit of violation of community control had been filed in this case, and that defendant entered a guilty plea to the violation. This was properly viewed as a resentencing after revocation of community control.
Defendant also contended that the successor judge on resentencing should be held to the terms of the original plea agreement between the defendant and the predecessor judge, pursuant to which the defendant had been given a downward departure sentence of ten years. However, the Florida Supreme Court’s ruling in this case had the effect of overturning the ten-year downward departure sentence, and remanding for further proceedings. The defendant was given the option of withdrawing his plea. See id. at 538. Because the law had been unclear on the need for written departure reasons in the case of a successive downward departure sentence, the Florida Supreme Court allowed the trial court on remand to consider entering another downward departure sentence if there were valid reasons to do so. See id. After advice of counsel, defendant elected not to withdraw his previously entered plea of guilty to the affidavit of violation. The trial court entered a guidelines sentence.