862 So.2d 91 (2003)
Tyrone O'NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3948.
District Court of Appeal of Florida, Second District.
November 19, 2003.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Tyrone O'Neal appeals from the habitual offender sentences imposed upon him for sale of cocaine and possession of cocaine. He first argues that his habitual offender sentence for sale of cocaine is illegal because the trial court did not expressly announce that he was being sentenced as a habitual offender. We reject this contention because it is without factual or legal merit.
O'Neal's contention is without merit factually because it is obvious from the record that the trial court intended to and did sentence O'Neal as a habitual offender. The trial court discussed O'Neal's prior record and found that he qualified as a habitual felony offender. When it announced O'Neal's sentences, the trial court specified that his sentence for possession *92 of cocaine was a guidelines sentence while making no reference to the guidelines when announcing the sentence for sale of cocaine. As the Fifth District stated in Yates v. State, 823 So.2d 273, 274 (Fla. 5th DCA 2002), a sentencing judge is not required "to use the magic words, `habitual felony offender sentence,' in order to effectuate a legal sentence where it is obvious the trial court intended to and did impose an habitual felony offender sentence."
We also reject O'Neal's legal contention that the trial court must specify that it is imposing a habitual offender sentence because "the mere fact that he qualified for such sentencing does not mean that the trial judge chose to impose an enhanced sentence." We acknowledge that in the past we have applied this rationale to reverse habitual offender sentences where the trial court found that a defendant qualified as a habitual offender but did not announce that it was going to impose a habitual offender sentence. See, e.g., Arnold v. State, 754 So.2d 149 (Fla. 2d DCA 2000). That rationale, however, is no longer viable because of changes in the habitual felony offender statute.
In support of his argument, O'Neal relies on cases which involve offenses committed before 1995. The version of section 775.084, Florida Statutes (1989), in effect before 1995[1] involved a two-step sentencing process. See King v. State, 681 So.2d 1136, 1138 (Fla.1996), receded from on other grounds, Carter v. State, 786 So.2d 1173 (Fla.2001). First, the trial court had the ministerial duty of determining whether the defendant qualified as a habitual felony offender. 681 So.2d at 1138. Second, the trial court had to decide whether the defendant would be sentenced as a habitual felony offender. Id. at 1139. The trial court was free to sentence the defendant under the guidelines if it determined that a habitual offender sentence was not necessary for the protection of the public, or it could sentence the defendant as a habitual offender. Id. The trial court did not have to make a specific finding that an enhanced sentence was not necessary for the protection of the public. As noted in King, "the judge necessarily makes such a decision by virtue of sentencing an habitual offender to a more lenient sentence than that required by the habitual felon statute." Id.
Under this sentencing process there was no way to determine with any certainty whether a trial court in fact intended to impose a habitual offender sentence unless it made a specific oral pronouncement that a defendant was being sentenced as a habitual felony offender. The cases O'Neal relies on were based on this statutory framework. After these cases were decided, however, the sentencing process for habitual felony offenders changed, and the change eliminated the potential for uncertainty that existed under the earlier version of the statute.
The version of the habitual felony offender statute applicable to O'Neal, whose offenses were committed in 2000, provides:
For an offense committed on or after October 1, 1995, if the state attorney pursues a habitual felony offender sanction or a habitual violent felony offender sanction against the defendant and the *93 court, in a separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, the court must sentence the defendant as a habitual felony offender or a habitual violent felony offender ... unless the court finds that such sentence is not necessary for the protection of the public. If the court finds that it is not necessary for the protection of the public to sentence the defendant as a habitual felony offender or habitual violent felony offender, the court shall provide written reasons; a written transcript of orally stated reasons is permissible, if filed by the court within 7 days after the date of sentencing.
§ 775.084(3)(a)6, Fla. Stat. (2000) (emphasis added). Under this version of section 775.084, the trial court must make specific written or oral findings if it is not going to impose a habitual offender sentence. Accordingly, where a trial court finds that a defendant qualifies as a habitual felon, it is not necessary for the trial court to specifically state that it is imposing a habitual offender sentence. To paraphrase King, the trial court necessarily makes that determination by virtue of the fact that it did not make a finding that a habitual offender sentence was unnecessary for the protection of the public.
O'Neal next argues, and the State correctly concedes, that O'Neal's written judgment erroneously reflects a habitual offender sentence for possession of cocaine. See Tyler v. State, 826 So.2d 1103 (Fla. 2d DCA 2002). Consequently, we remand to the trial court to strike from the written sentencing order the habitual offender sanction for possession of cocaine. O'Neal's presence is not required for this ministerial function.
Affirmed in part; reversed in part and remanded.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] Section 775.084(4)(c), Florida Statutes (1989), provides:

If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual felony offender or a habitual violent felony offender, the court shall make that determination as provided in subsection (3).