876 So.2d 1238 (2004)
Vincent SCANES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1324.
District Court of Appeal of Florida, Fourth District.
June 23, 2004.
Rehearing Denied August 4, 2004.
*1239 Vincent Scanes, Polk City, pro se.
No appearance required for appellee.
STONE, J.
We affirm an order summarily denying Scanes' motion to correct an illegal sentence filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure.
Following a jury trial, Scanes was declared a habitual felony offender and sentenced concurrently to thirty years in prison on two second-degree felonies.
Scanes contends that his thirty-year sentences exceed the appropriate statutory maximum for second-degree felonies because the trial court did not orally sentence him "as "a habitual felony offender. Specifically, the court held him to be a habitual felony offender and concurrently sentenced him to the enhanced sentence, but did not state that the thirty-year sentences were imposed on Scanes "as" a habitual felony offender.
The transcript reflects:
.... I declare and find the Defendant to be a habitual felony offender pursuant to Florida Statute 775.084.
The Court herein sentences the Defendant as to Count I and Count II each to thirty years in the Florida State Prison and to run concurrent and not consecutive to each other with credit for time served....
In Evans v. State, 675 So.2d 1012, 1015 (Fla. 4th DCA 1996), this court held that the trial court's clarification of sentence two days after oral pronouncement, to reflect the defendant's habitual offender status, was a violation of the defendant's double jeopardy rights and constituted reversible error. There, the oral pronouncement clearly did not reflect the trial court's intention to sentence Evans as a habitual offender, notwithstanding the fact that the trial court's failure to include the habitual sentencing in its oral pronouncement may well have been an oversight. Id.
In Ashley v. State, 850 So.2d 1265, 1266 (Fla.2003), the trial court, three days after sentencing the defendant as a habitual felony offender, imposed a habitual violent felony offender sentence along with a mandatory minimum. There, the supreme court concluded that the later sentence was a double jeopardy violation. Id. at 1269.
Here, it is clear from the plea colloquy, the written habitual felony offender finding, *1240 and the written sentence, that the trial court intended to, and did, contemporaneously sentence Scanes as a habitual felony offender.[1] "Magic words" are not necessary to establish what the sentencing court intended. See O'Neal v. State, 862 So.2d 91, 91-92 (Fla. 2d DCA 2003); Yates v. State, 823 So.2d 273, 274 (Fla. 5th DCA 2002), rev. denied, 842 So.2d 848 (Fla.2003).
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] We recognize that this court has declared that the only kinds of illegal sentence challenges cognizable under the rule "are those that are illegal because they exceed the maximum ..., those that were unconstitutionally increased after they had been imposed, ... those for which no record, earned jail credit was given," Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999), holding modified by Austin v. State, 756 So.2d 1080 (Fla. 4th DCA 2000), and habitual sentencing imposed for an offense not subject to habitualization as a matter of law under any set of factual circumstances. See Carter v. State, 786 So.2d 1173 (Fla.2001). We consider the issue raised here to be a claim that the sentence was "unconstitutionally increased" after it was imposed. We also distinguish this claim from those asserting a discrepancy between the oral and written sentence, which must be alleged in a timely motion under rule 3.850. See Gardner v. State, 707 So.2d 945 (Fla. 4th DCA 1998).