PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleges that his sentence is illegal because the written pronouncement does not comport with oral pronouncement of his sentence. As this claim lacks merit, we affirm.
On November 6, 1997, after a jury trial, the appellant was sentenced to 10 years in prison as a habitual felony offender for armed burglary and grand theft with a firearm pursuant to section 775.084(3)(a)(6), Florida Statutes (1997). This Court affirmed the appellant’s convictions and sentences by mandate issued on February 1, 1999. The appellant alleges that only the written, but not oral, pronouncement of his sentence reflected a habitual felony offender sentence and, therefore, his ten-year sentence was illegal.
The habitual offender statute provides that once the court finds that the defendant qualifies for habitual offender sanctions, the court “must sentence the defendant as a habitual felony offender ... unless the court finds that such a sentence is not necessary for the protection of the public ... [and] the court shall provide written reasons.” § 775.084(3)(a)(6), Florida Statutes (1997). Because a court must impose a habitual offender sentence upon a finding that one qualifies as such, any uncertainty that arises where the sentencing judge finds that the defendant qualifies as a habitual offender but never explicitly states this fact when imposing a term of imprisonment is eliminated “by virtue of the fact that it did not make a finding that a habitual offender sentence was unnecessary for the protection of the public.” O’Neal v. State, 862 So.2d 91, 93 (Fla. 2d DCA 2003). Additionally, the sentencing judge is not required “to use the magic words, ‘habitual felony offender sentence,’ in order to effectuate a legal sentence where it is obvious the trial court intended to and did impose an habitual felony offender sentence.” Yates v. State, 823 So.2d 273 (Fla. 5th DCA 2002).
The sentencing judge made the oral determination that the appellant met “the criteria to be sentenced as habitual offender.” In the absence of written reasons for not imposing a habitual felony offender sentence and in light of the imposed sentence complying with the habitual offender statute, this finding by the judge was a sufficient oral pronouncement of a habitual offender sentence. Therefore, the appellant’s claim of an illegal sentence was properly denied.
AFFIRMED.
WOLF, C. J., BENTON and VAN NORTWICK, JJ., concur.