892 So.2d 541 (2005)
Archie Dennis WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0639.
District Court of Appeal of Florida, First District.
January 24, 2005.
Appellant, pro se.
Charlie Crist, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
*542 PER CURIAM.
The appellant challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court did not sentence the appellant as a habitual felony offender at his revocation of probation hearing and his sentences exceed the statutory maximums for his convictions, we reverse. All other issues are affirmed without further discussion.
The appellant was originally sentenced to probation as a habitual felony offender for driving under the influence and driving while license suspended or revoked, which are third-degree felonies and punishable by up to five years' imprisonment for each count. §§ 316.193, 322.34, 775.082(3)(d), Fla. Stat. (1997). He committed technical violations to his probation and was sentenced to nine years' imprisonment without a habitual offender designation.
To effectuate a habitual felony offender sentence upon revocation of probation, a trial court must orally pronounce habitual felony offender status, even when the appellant was initially sentenced as a habitual felony offender for the substantive offense and the designation has not been set aside. See Evans v. State, 675 So.2d 1012, 1014 (Fla. 4th DCA 1996), approved by Ashley v. State, 850 So.2d 1265, 1267; see also Barron v. State, 827 So.2d 1063 (Fla. 2d DCA 2002). Otherwise, the limit of the appellant's sentence is prescribed by the statutory maximum. See Hall v. State, 823 So.2d 757 (Fla.2002).
We, therefore, reverse the summary denial of the appellant's claim that his sentence is illegal because it exceeds the statutory maximum for his offenses. We remand to the trial court to resentence the appellant.
*543 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ALLEN, DAVIS, and BENTON, JJ., CONCUR.