PER CURIAM.
Mark Cooper seeks review of an order that denied his rule 3.800(a) motion which challenged his habitual offender sentences as contrary to this court’s remand in State v. Cooper, 889 So.2d 119 (Fla. 4th DCA 2004), and contrary to the authority as set forth in Mack v. State, 823 So.2d 746 (Fla.2002), Terry v. State, 808 So.2d 1249 (Fla.2002), and King v. State, 681 So.2d 1136, 1138 (Fla.1996).
Cooper was sentenced to a term of 55 months in prison as a habitual offender following a violation of probation hearing associated with three lower court cases. The state argues that the trial court originally declared Cooper to be a habitual offender in case number 02^4454CF10A, the case involving Cooper’s escape conviction. The record before this court does not sufficiently demonstrate such. See § 775.084, Fla. Stat. (2001); O’Neal v. State, 862 So.2d 91 (Fla. 2d DCA 2003).
Accordingly, the case is remanded to the trial court to review the record to determine whether it demonstrates that Cooper’s original sentence in case number 02-4454CF10A was a habitual offender sentence. Upon remand, the trial court shall strike the habitual offender designations associated with the other cases (01-4131CF10 and 02-2813CF10A). No argument has been made that those were initially habitual offender sentences.

Reversed and Remanded.

GROSS, TAYLOR and MAY, JJ., concur.