943 So.2d 895 (2006)
Joseph J. ZINK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3948.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
Rehearing Denied January 5, 2007.
Joseph J. Zink, Cross City, pro se.
No appearance required for appellee.
WARNER, J.
We affirm the order denying appellant's motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, appellant claimed that his 1990 written habitual offender sentence to concurrent forty-year terms in prison for kidnapping and robbery did not comport with the trial court's oral pronouncement. The trial court found that appellant was a habitual offender but in pronouncing the concurrent forty-year sentences, the court did not expressly state that the sentences were habitual offender sentences. The written sentence order included that designation. However, the only way that the forty-year sentences could have been legally imposed would have been if they were habitual offender sentences.
We have addressed a case involving similar facts in Scanes v. State, 876 So.2d 1238 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2004), also an appeal of an order denying rule 3.800(a) relief. There, as in this case, the trial court made oral findings that the defendant qualified as a habitual offender and imposed enhanced sentences, but did not say the sentences were imposed "as" habitual felony offender sentences. The written sentences included that designation. We refused to conclude that relief was warranted:
Here, it is clear from the plea colloquy, the written habitual felony offender finding, and the written sentence, that the trial court intended to, and did, contemporaneously sentence Scanes as a habitual felony offender. "Magic words" are not necessary to establish what the sentencing court intended.
Id. at 1239-40 (footnote omitted).
We come to the same conclusion here. Under these circumstances the appellant did not even allege what would amount to a variance between the oral pronouncement and the written sentence.
Affirmed.
KLEIN and HAZOURI, JJ., concur.