959 So.2d 1247 (2007)
Johnny SAFFOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1907.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Rehearing Denied August 8, 2007.
Johnnie Saffold, Fort Myers, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant challenges the trial court's order denying his motion to correct an illegal sentence claiming that the written sentence did not comport with the oral pronouncement. Although the trial court denied the motion to correct an illegal sentence based upon Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998), our supreme court has disapproved our resolution of the issue in Williams v. State, 957 So.2d 600 (Fla.2007). However, on the merits of the motion we affirm. Appellant contends that the trial court's written sentencing judgment sentencing appellant as a habitual offender varies from its oral pronouncement. We disagree, as at sentencing the trial court said, "I am going to impose the habitual offender statute, finding that the State qualified you as an habitual offender." The mere fact that the judge imposed the habitual offender status before declaring the length of the sentence does not amount to a failure to impose habitual offender sentencing. See Scanes v. State, 876 So.2d 1238 (Fla. 4th DCA 2004) ("magic words" are not necessary to establish what the sentencing court intended when it declared the intent to impose a habitual offender sentence); see also Zink v. State, 943 So.2d 895 (Fla. 4th DCA 2006).
Affirmed.
STEVENSON, C.J., WARNER and HAZOURI, JJ., concur.