PER CURIAM.
 

 Billy Kenneth Lewis appeals from concurrent life sentences, imposed as habitual felony offender (“HFO”) sentences, after Lewis violated his probation. Lewis argues that he could not be sentenced as an HFO upon his violation of probation because he was not originally sentenced as an HFO on these charges.
 
 See King v. State,
 
 681 So.2d 1136 (Fla.1996). Having independently reviewed the record, we agree with the State that the transcript of the sentencing hearing, together with the written sentences, clearly demonstrate that the trial court intended to, and did, sentence Lewis as an HFO when the original probationary sentences were imposed.
 
 See, e.g., Zink v. State,
 
 943 So.2d 895, 895 (Fla. 4th DCA 2006) (“ ‘Here, it is clear from the plea colloquy, the written habitual felony offender finding, and the written sentence, that the trial court intended to, and did, contemporaneously sentence Scanes as a habitual felony offender.
 
 *1022
 
 “Magic words” are not necessary to establish what the sentencing court intended.’ ”) (quoting
 
 Scanes v. State,
 
 876 So.2d 1238, 1239-40 (Fla. 4th DCA),
 
 rev. denied,
 
 892 So.2d 1014 (Fla.2004)).
 

 With respect to the first charge, the trial court said: “[T]he Court adjudicates you as a habitual felony offender today.” Although the court did not also expressly state that the first sentence was being imposed as an HFO sentence, the written sentence clarifies that the defendant was “adjudicated a habitual felony offender and has been sentenced ... in accordance with the provisions of section 775.084(4)(a), Florida Statutes.” Additionally, immediately after oral pronouncement of the first sentence, the trial judge pronounced sentence on the second charge, expressly stating that Lewis was
 
 “also being sentenced
 
 as a habitual felony offender” on the second charge. (Emphasis added). Because the record reflects that Lewis was given HFO sentences when he was originally placed on probation, the trial court had the discretion to impose HFO sentences upon revocation of Lewis’ probation.
 
 Cf. King,
 
 681 So.2d at 1140.
 

 AFFIRMED.
 

 MONACO, C.J., LAWSON and EVANDER, JJ., concur.