PER CURIAM.
 

 Charles O’Berry filed a petition for writ of prohibition with this court, seeking to quash a Broward circuit court order dismissing his motion and amended motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and referring him to the Department of Corrections (the department) for disciplinary procedures. This court redes-ignated the petition as a summary rule 3.850 appeal, which we now affirm in part and reverse in part.
 

 Following a jury trial, O’Berry was found guilty of two counts of rape and was sentenced to consecutive sentences totaling 150 years. This court affirmed his belated direct appeal.
 
 O’Berry v. Wainwright,
 
 300 So.2d 740 (Fla. 4th DCA 1974). O’Berry has filed numerous collateral challenges to his conviction and sentence, both before and after his direct appeal.
 
 [1]
 

 On April 29, 2008, the trial court issued an order titled “order prohibiting Defendant from filing any further postconviction motions.” The body of the order, however, was not so general as its title; the operative language provides as follows:
 

 ORDERED AND ADJUDGED that the Defendant is
 
 prohibited from filing with this CouH any pro se postconviction motions or petitions attacking or challenging the legality of his sentence on grounds that have previously been ruled upon.
 
 Any such motions or petitions filed by the Defendant will be rejected and not ruled upon. The Defendant is cautioned that further abuses of the judicial process could result in additional sanctions, including, but not limited to, sanctions under either Florida Statute § 944.279 or § 944.28(2)(a) (disciplinary action, loss of gain time).
 
 See Rivera v. State,
 
 728 So.2d 1165, 1166 (Fla.1998). The Defendant may file pleadings that have been signed and endorsed by a licensed member of the Florida Bar.
 

 (Italicized emphasis added).
 
 [2]
 

 Thereafter, on November 2, 2009, O’Berry filed a pro se rule 3.850 motion for postconviction relief and a supplement to that motion; on March 5, 2010, before the trial court ruled, he filed a pro se amended rule 3.850 motion. In these filings, he took care not to violate the trial court’s April 29, 2008 order, which he specifically acknowledged, noting that he was not challenging the legality of the sentence on
 
 *107
 
 grounds previously ruled upon. Indeed, his new pleadings did not challenge his sentence at all, but instead challenged his conviction, asserting grounds which he characterized as newly discovered evidence and fundamental error, grounds he claimed he had not raised previously.
 

 Nevertheless, the state moved to dismiss the new pleadings, representing to the trial court that the April 29, 2008 order barred O’Berry from filing any new pro se pleadings without the signature of an attorney.
 

 In an order dated and entered March 23, 2010, the trial court dismissed the November 9, 2009 filings and the March 5, 2010 amended motion, ordered that a certified copy of the order be forwarded to O’Berry’s institution for disciplinary procedures pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes, and also prohibited O’Berry “from filing any further pro se pleadings challenging his convictions and sentences.” That order is the subject of the instant appeal.
 

 While O’Berry argues that the trial court erred in recommending sanctions for his alleged violation of the terms of the April 29, 2008 order, which he did not violate (and which we agree he did not violate), we disagree that the violation of the April 29, 2008 order was the basis for the trial court’s dismissal of the November 9, 2009 and March 5, 2010 filings, or its recommendation of sanctions. The precise language of the order on appeal indicates that the trial court did consider O’Berry’s November 9, 2009 motion and supplement and his March 5, 2010 amended motion; instead of dismissing them for violating the prior order, it actually found O’Berry’s claims to be “once again, impermissibly successive and without merit.” Because the grounds are either not cognizable, untimely, or insufficient, we agree that the motion was properly dismissed and affirm that portion of the order, as well as the recommendation of sanctions pursuant to section 944.279, Florida Statutes, as we agree with the finding that the new filings constituted a frivolous collateral criminal proceeding.
 

 However, we conclude that the trial court erred in expanding the earlier prohibition against filing certain pro se sentencing challenges by prohibiting O’Berry from filing any further pro se pleadings challenging his convictions and sentences, without first giving him an opportunity to show cause why he should not be so prohibited.
 
 See State v. Spencer,
 
 751 So.2d 47 (Fla.1999) (providing that trial court must first provide litigants with notice and a reasonable opportunity to respond before prohibiting further pro se attacks on a conviction or sentence as a sanction for prior repeated and frivolous motions).
 

 Affirmed in Part; Reversed in Part, and Remanded for Further Proceedings.
 

 GROSS, C.J., HAZOURI and MAY, JJ., concur.
 

 [1]
 

 . This court itself has affirmed summary denials of postconviction relief which O'Berry filed pursuant to rule 3.850 (closed case nos. 4D79-2398, 4D81-1705, 4D06-878, 4D06-1567, and 4D08-1513), rule 3.800(a) (closed case no. 4D09-2322), and rule 3.853 (closed case no. 4D03-1201).
 

 [2]
 

 . O’Berry appealed that order and this court affirmed per curiam without opinion.
 
 O'Berry v. State,
 
 9 So.3d 633 (Fla. 4th DCA 2009) (Table).