PER CURIAM.
 

 Felix A. Smith appeals an order denying his rule 3.800 motion for post-conviction relief as successive and barring him from any future filings.
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999). Smith argues that the trial court erred in finding his motion successive and when imposing the sanctions without first issuing an order to show cause. We agree and reverse.
 

 As the State recognizes within its response to this court, if the trial court wants to bar Smith from filing further postconviction motions, it must follow the dictates of
 
 Spencer,
 
 and provide him with notice and an opportunity to respond through issuance of a show cause order.
 
 O’Berry v. State,
 
 46 So.3d 105 (Fla. 4th DCA 2010). However, our review of the motion and the State’s response supports Smith’s position that his challenge to his drug offender probation is not successive and is facially sufficient.
 
 Jackson v. State,
 
 47 So.3d 378 (Fla. 5th DCA 2010). The State concedes that the case should be remanded so that Smith’s drug offender probation can be converted to regular probation with any appropriate conditions, as determined by the trial court.
 

 Within another point, Smith challenges a discrepancy between the oral and the written sentence with respect to his habitual offender sentencing. Though Smith previously raised this claim, he did so when this court had held that this type of sentencing error could not be raised in a rule 3.800(a) motion.
 
 Campbell v. State,
 
 718 So.2d 886 (Fla. 4th DCA 1998). At the time there was conflict among the districts. The Florida Supreme Court has since resolved that conflict and held that a discrepancy between the oral and written sentence is an illegal sentence that can be raised in a rule 3.800(a) motion.
 
 Williams v. State,
 
 957 So.2d 600 (Fla.2007). This record does not show that Smith’s claim was ever considered on the merits.
 
 Harris v. State,
 
 995 So.2d 1128 (Fla. 4th DCA 2008). Consequently, it did not warrant the sanction imposed and the merits of the claim should be reviewed.
 

 In sum, we reverse the order sanctioning Smith for filing successive and repetitive motions to correct an illegal sentence. We also reverse the order that rejected Smith’s claims as successive and remand the case for further consideration as discussed. If Smith is to be resentenced and the trial court will exercise discretion, at least in connection with the probationary terms, Smith has a right to be present and represented.
 

 Reversed and Remanded.
 

 GROSS, DAMOORGIAN and CIKLIN, JJ., concur.