PER CURIAM.
We affirm the denial of appellant’s successive motion to correct an illegal sen *916 tence. He claims that the court failed to re-pronounce him a habitual felony offender before sentencing him upon violation of probation, which he claims violates double jeopardy under State v. Akins, 69 So.3d 261 (Fla.2011). He made a similar claim that the trial court failed to pronounce him a habitual offender in the appeal of the denial of his prior motion to correct an illegal sentence. We found then, as we find now, that the trial court did sufficiently pronounce him a habitual offender. See Saffold v. State, 959 So.2d 1247, 1248 (Fla. 4th DCA 2007); Zink v. State, 943 So.2d 895, 895 (Fla. 4th DCA 2006); Scanes v. State, 876 So.2d 1238, 1239-40 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2004); Fitzpatrick v. State, 884 So.2d 981, 982 (Fla. 1st DCA 2004); Yates v. State, 823 So.2d 273, 274-75 (Fla. 5th DCA 2002), rev. denied, 842 So.2d 848 (Fla. 2003).

Affirmed.

MAY, C.J., WARNER and TAYLOR, JJ., concur.