NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PHILIP WALLACE STAUDERMAN,  )
DOC #080760,                )
                            )
            Appellant,       )
                            )
v.                          )    Case No. 2D17-2982
                            )
STATE OF FLORIDA,           )
                            )
            Appellee.        )
_____ )

Opinion filed October 12, 2018.

Appeal from the Circuit Court for
Charlotte County; John L. Burns, Acting
Circuit Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr., Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

Philip Wallace Stauderman appeals the sentence imposed after the circuit

court granted his postconviction motion and vacated his previously imposed illegal

sentence. We disagree with Stauderman that State v. Akins, 69 So. 3d 261 (Fla. 2011),

governs the outcome of this appeal, and we affirm the court's imposition of a ten-year habitual felony offender (HFO) sentence on resentencing notwithstanding the court's failure to designate Stauderman as an HFO at the prior sentencing hearing.

**Background**

In December 2011, Stauderman entered a negotiated no-contest plea to felony battery (two or more prior convictions), a third-degree felony. See § 784.03(2), Fla. Stat. (2010). Pursuant to the plea, the circuit court sentenced him as an HFO to sixty-six months' imprisonment followed by fifty-four months' drug offender probation. See § 775.084(1)(a), (3)(a), (4)(a)(3), Fla. Stat. (2010).

Following release from the incarcerative portion of his probationary split sentence, Stauderman admitted violating his probation. At the violation of probation (VOP) hearing, the possibility of an HFO sentence repeatedly came up, but when the time came to actually impose sentence, the circuit court did not orally pronounce Stauderman an HFO. Nonetheless, the court sentenced Stauderman to ten years' imprisonment:

> All right, sir, having accepted your plea, find it's made freely, knowingly and voluntarily, I'm gonna adjudicate you guilty of the underlying offense, if you haven't been already. Revoke and terminate your previously ordered probation, sentence you to ten years in the Florida Department of Corrections. You'll get credit for any and all prison credit that you are entitled to and you will get credit for any jail credit from the time as a violator.
>
> You have 30 days to appeal the judgment and sentence of the Court. If you can't afford an attorney for purpose of appeal one can be appointed for you.
>
> That's all, sir.

In addition, the court's written sentence included the HFO designation.

Stauderman did not appeal. Instead he sought postconviction relief, arguing that because the oral pronouncement controlled over his written sentence and the circuit court had failed to orally pronounce the HFO designation at the sentencing on the VOP, his ten-year sentence was an illegal sentence that exceeded the applicable non-HFO sentence for his offense.[1] Citing Akins, 69 So. 3d 261, he also argued that the court's failure to designate him as an HFO at sentencing on the VOP precluded the court from designating him as an HFO upon resentencing. The State conceded that his ten-year sentence was illegal because the court had failed to orally pronounce the HFO designation at sentencing on the VOP but argued that Akins was distinguishable and that the court could designate him as an HFO upon resentencing.

The circuit court agreed that Stauderman's ten-year non-HFO sentence was illegal and granted his motion. On resentencing, however, the court disagreed with Stauderman's argument that reimposing the HFO designation would violate double jeopardy. Thus, the court again orally pronounced a ten-year sentence, but this time it also orally pronounced Stauderman's HFO designation. This timely appeal follows.

## Analysis

We review de novo the legality of Stauderman's sentence and his claim of a double jeopardy violation. See Akins, 69 So. 3d at 268.

As an initial matter, the circuit court correctly granted Stauderman's postconviction motion. As the parties agreed, the court failed to orally pronounce

---

[1]The maximum non-HFO sentence that the trial court could impose following revocation of Stauderman's probation was not the statutory maximum of 5 years' imprisonment prescribed for a third-degree felony but 74.7 months' imprisonment, which was lowest permissible sentence on Stauderman's Criminal Punishment Code scoresheet. See § 921.0024(2), Fla. Stat. (2010).

Stauderman's HFO designation at the original sentencing on the VOP. As the parties also agreed, the circuit court's post hoc HFO designation in the written sentence could not remedy its failure to orally designate him as an HFO. See Fla. R. Crim. P. 3.700(a), (b); Akins, 69 So. 3d at 269 (" 'Generally, courts have held that a written order must conform to the oral pronouncement . . . because the written sentence is usually just a record of the actual sentence required to be pronounced in open court.' As a result, when there is a discrepancy between the written sentence and 'the oral pronouncement, the oral pronouncement prevails.' " (alteration in original) (quoting Justice v. State, 674 So. 2d 123, 125 (Fla. 1996))). Although the court had designated Stauderman as an HFO when it had imposed the split sentence for the underlying offense, Akins holds that a defendant in that situation loses his HFO designation if the circuit court fails to repeat it when sentencing him on an ensuing VOP. See Akins, 69 So. 3d at 263, 272. Because the court failed to redesignate Stauderman as an HFO as Akins requires and his ten-year sentence exceeded what the trial court could impose for a non-HFO sentence, the ten-year sentence was illegal, and Stauderman was entitled to resentencing.

The concurrence's reliance on O'Neal v. State, 862 So. 2d 91 (Fla. 2d DCA 2003), Lewis v. State, 16 So. 3d 1021 (Fla. 5th DCA 2009), and Scanes v. State, 876 So. 2d 1238 (Fla. 4th DCA 2004), to conclude to the contrary is misplaced. First, in light of Akins, we cannot agree that O'Neal, to the extent that it held that a circuit court need not make a specific oral pronouncement that the defendant is being sentenced as an HFO, see 862 So. 2d at 92-93, is still good law. Moreover, to whatever extent Lewis and Scanes survive Akins, they are factually distinguishable. In both of those cases,

- 4 -

the court specifically pronounced the defendant's HFO status at the sentencing hearing notwithstanding that its pronouncement was in some way attenuated from the actual imposition of sentence. See Lewis, 16 So. 3d at 1022; Scanes, 876 So. 2d at 1239. At Stauderman's original sentencing on the VOP, in contrast, although the circuit court mentioned that Stauderman had been "previously designated as a habitual felony offender" and defense counsel briefly discussed Stauderman's prior sentencing as an HFO, the court never orally pronounced Stauderman's HFO status at that hearing.

Stauderman contends that Akins further required the circuit court to correct the illegality by resentencing him to a non-HFO sentence, but a brief review of the facts in Akins establishes that its application to Stauderman's situation ended with the granting of resentencing. In Akins, the circuit court adjudicated Akins guilty of a second-degree felony and sentenced him as an HFO to a true split sentence of thirty years' imprisonment with the last ten years suspended and to be served on probation. Akins, 69 So. 3d at 263-64. After Akins admitted a VOP, the court sentenced him to five years' imprisonment without a subsequent term of probation and failed to designate him as an HFO either orally at the sentencing hearing or in its written sentence. Id. at 264-65.

Thereafter, the circuit court, on its own motion, amended the judgment to designate Akins as an HFO. Id. at 266. On review, the supreme court held "that the [circuit] court's subsequent imposition of an HFO designation to Akins'[s] judgment and sentence violated double jeopardy and amounted to an illegal sentence." Id. at 268.

Importantly, however, Akins's five-year sentence was a legal sentence. See Clark v. State, 72 So. 3d 222, 224-25 (Fla. 2d DCA 2011) (recognizing that the

sentence under review in Akins was a "new, final, and legal sentence following a violation of probation, not a correction of a prior illegal sentence"). Here, in contrast, Stauderman's ten-year non-HFO sentence imposed after revocation of probation was illegal from the get-go. Because that ten-year sentence was illegal, jeopardy never attached to it. See Kelsey v. State, 206 So. 3d 5, 11 (Fla. 2016) ("In 2012, we clarified that jeopardy attaches only to a legal sentence." (citing Dunbar v. State, 89 So. 3d 901, 905 (Fla. 2012))). And if jeopardy has never attached, there can be, as a matter of law, no double jeopardy. Thus, to the extent that Akins held that the circuit court violated double jeopardy when it amended Akins's VOP sentence to include the HFO designation, it is inapposite.

Instead, having granted Stauderman's motion, the circuit court was free to correct the illegal sentence on resentencing by imposing "any sentence consistent with the sentencing laws in effect on the date of the offense, even if it result[ed] in a harsher sentence." Clark, 72 So. 3d at 226. That included designating Stauderman as an HFO notwithstanding its failure to do so at the prior hearing. See Plute v. State, 835 So. 2d 368, 369 (Fla. 2d DCA 2003) (explaining that after the circuit court granted Plute's rule 3.800(a) motion, the court was free to resentence Plute as a habitual offender despite having originally sentenced him under the sentencing guidelines because when the original sentence is illegal, "[i]t is well established that a harsher sentence may be imposed on resentencing . . . without violating double jeopardy"); Harris v. State, 624 So. 2d 279, 280 (Fla. 2d DCA 1993) (holding that the circuit court did not violate double jeopardy by imposing a habitual offender sentence on resentencing after direct appeal despite that the court did not do so originally because it incorrectly believed that Harris's

offenses were not subject to habitualization; "When he chose to appeal from his convictions and sentences, . . . Harris risked having the [circuit] court's misperception of the law corrected"), approved, 645 So. 2d 386 (Fla. 1994); see also Galindez v. State, 955 So. 2d 517, 525 (Fla. 2007) (Cantero, J., specially concurring) ("We have consistently held that resentencing proceedings must be a 'clean slate,' meaning that the defendant's vacated sentence becomes a 'nullity' and his 'resentencing should proceed de novo on all issues bearing on the proper sentence.' " (first quoting Preston v. State, 607 So. 2d 404, 408 (Fla. 1992); and then quoting Morton v. State, 789 So. 2d 324, 334 (Fla. 2001))).[2]

The circuit court, therefore, did not err in designating Stauderman as an HFO at resentencing following vacatur of his illegal sentence notwithstanding its failure to designate him as such at the prior sentencing hearing. Accordingly, we affirm Stauderman's ten-year HFO sentence.

Affirmed.


SILBERMAN, J., Concurs.
BLACK, J., Concurs with opinion.

_____

[2]Our holding comports with the United States Supreme Court's statement that "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." United States v. DiFrancesco, 449 U.S. 117, 135 (1980) (quoting Bozza v. United States, 330 U.S. 160, 166-67 (1947)); see also Harris v. State, 645 So. 2d 386, 388 (Fla. 1994) (quoting DiFrancesco with approval).

BLACK, Judge, concurring with opinion.

I concur that this court must affirm Stauderman's new sentence upon violation of his probation. And while I agree that Stauderman's sentence is not a double jeopardy violation or contrary to State v. Akins, 69 So. 3d 261 (Fla. 2011), I find it necessary to make two points.

First, as this is an appeal from Stauderman's new sentence, in order to preserve the issue Stauderman presents on appeal he needed to have objected to the sentence at the sentencing hearing or to have filed a motion to correct his sentence under Florida Rule of Criminal Procedure 3.800(b). See Fla. R. App. P. 9.140(e) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)."). Here, Stauderman argued the issue at his resentencing, thus preserving the issue. See Clark v. State, 72 So. 3d 222, 224 (Fla. 2d DCA 2011) ("[Clark] argues, as he did in his 3.800(b)(2) motion, that when the trial court sentenced him the second time and failed to pronounce his HFO status, the trial court could not, at the third sentencing, reimpose his HFO status."); cf. Carter v. State, 43 Fla. L. Weekly D1338, D1338 (Fla. 4th DCA June 13, 2018) (affirming sentence alleged to be in violation of State v. Akins, 69 So. 3d 261, 269 (Fla. 2011), because "defendant did not preserve the alleged error by bringing the alleged error to the circuit court's attention by objecting at the time of sentencing or by filing a rule 3.800 motion to correct sentencing error"); Akins v. State, 926 So. 2d 412, 413 (Fla. 2d DCA 2006) ("[O]ur record does not establish that he has challenged the

- 8 -

amendment in the circuit court. As such, we have no jurisdiction to review the double jeopardy issue in this proceeding.").

Second, I disagree with the dicta in the majority that the postconviction court correctly granted Stauderman's postconviction motion, resulting in the new sentence at issue, despite the State's apparent concession of error. The transcript of the VOP hearing reflects that Stauderman's status as a habitual felony offender was addressed three times. In the first instance, during the plea colloquy, Stauderman affirmatively stated that he understood that when he was originally sentenced he was sentenced as an HFO which meant that he faced ten years in prison for violating his probation. In the second instance, again during the plea colloquy, the trial judge asked Stauderman if he understood that since he had been designated an HFO he could be sentenced up to ten years in prison, double the statutory maximum. Stauderman again affirmatively stated that he understood. Finally, Stauderman's status as an HFO was addressed by defense counsel prior to the imposition of the sentence. There are no "magic words" which the court must use in sentencing a defendant as an HFO. Scanes v. State, 876 So. 2d 1238, 1239-40 (Fla. 4th DCA 2004) ("Here, it is clear from the plea colloquy, the written habitual felony offender finding, and the written sentence, that the trial court intended to, and did, contemporaneously sentence Scanes as a habitual felony offender. 'Magic words' are not necessary to establish what the sentencing court intended." (footnote omitted)). The record makes it clear that everyone in the courtroom—and particularly Stauderman—understood that he was being sentenced as an HFO. See, e.g., O'Neal v. State, 862 So. 2d 91, 93 (Fla. 2d DCA 2003) ("[W]here a trial court finds that a defendant qualifies as a habitual felon, it is not necessary for the

- 9 -

trial court to specifically state that it is imposing a habitual offender sentence."); <u>Lewis v. State</u>, 16 So. 3d 1021, 1021 (Fla. 5th DCA 2009) ("Having independently reviewed the record, we agree with the State that the transcript of the sentencing hearing . . . clearly demonstrate[s] that the trial court intended to, and did, sentence Lewis as an HFO when the original probationary sentences were imposed."). In my opinion, Stauderman's motion for postconviction relief should not have been granted in the first instance; his VOP sentence was not illegal. The resentencing in this case was unnecessary.